# In the United States Court of Federal Claims

No. 17-507C
(Filed: April 3, 2020)

| | |
|---|---|
| **PIETRO SCARSELLI,** | |
| *Plaintiff,* | |
| v. | |
| **UNITED STATES,** | |
| *Defendant.* | |

*Charles W. Gittins*, Law Offices of Charles W. Gittins, P.C., Middletown, VA, for Plaintiff.

*Douglas Glenn Edelschick,* Trial Attorney, *Steven J. Gillingham,* Assistant Director, *Robert E. Kirshman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, with whom were *Lieutenant Kevin R. Griffin,* of Counsel, Judge Advocate General Corps, United States Navy, for Defendant.

## **MEMORANDUM OPINION AND ORDER**

**TAPP, Judge.**[1]

Plaintiff, Pietro Scarselli ("Scarselli"), a former United States Marine Corps (USMC) Major, brings this military pay action against the United States alleging he was wrongfully discharged from the USMC and seeking back pay and injunctive relief, pursuant to the Military Pay Act, 37 U.S.C. § 204(a). (*See generally* Am. Compl., ECF No. 22). Scarselli served on active duty in the USMC for more than seventeen years, until April 22, 2012, when the USMC involuntarily discharged him with a general (under honorable conditions) characterization of service. (*See* Am. Compl. at 1–2). Before the Court are Scarselli's Motion for Judgment on the Administrative Record ("MJAR") following remand to the Board for Correction of Naval Records (BCNR), (Pl.'s Second MJAR, ECF No. 40), and Defendant, the United States', Cross-Motion for Judgment on the Administrative Record. (Def.'s Cross-MJAR, ECF No. 43).

In his Amended Complaint, filed on October 20, 2017, Scarselli alleges he was denied the benefit of his bargain in a court-martial pre-trial agreement which was used by the USMC in a Board of Inquiry (BOI) proceeding and ultimately led to his discharge. (Am. Compl. at 1). Scarselli contends that the decision of the BCNR—which upheld the findings of the BOI and recommended Scarselli be involuntarily discharged—was arbitrary, capricious, contrary to law, and unsupported by substantial evidence. He specifically alleges: (1) the Secretary of the Navy,

---

[1] The case was originally assigned to Judge Nancy B. Firestone and transferred to Judge David A. Tapp on December 17, 2019. (*See* ECF No. 48).

rather than the BCNR, was required to issue a final decision in Scarselli's case; (2) the BCNR panel that heard his case was comprised of retired military officers, rather than "civilians"; (3) as a result of the Commanding General failing to dismiss Scarselli's court-martial charges with prejudice, as required by the pre-trial agreement, Scarselli's pleas of guilty at the non-judicial punishment (NJP) proceeding were improvident and "material legal error"; (4) the BOI was improperly constituted; (5) Scarselli was denied due process by the failure to dismiss his court-martial charges with prejudice; and (6) the BOI improperly relied on evidence of Scarselli's court-martial charges. (Am. Compl. at 10–14). Accordingly, Scarselli seeks: (i) to have the BCNR and BOI decisions set aside; (ii) removal of the NJP from Scarselli's military record and reconsideration of the merits of his case at NJP; (iii) reinstatement to active duty or credit for 20 years of active duty service; (iv) back pay; (v) removal of all documents relating or referring to the NJP or BOI from Scarselli's Official Military Personnel File; and (vi) and other relief the Court deems just and proper. (Am. Comp. at 15).

On January 9, 2018, Scarselli filed his first MJAR, in which he argued, *inter alia*, that the initial BCNR panel was improperly constituted and the Secretary of the Navy was required to issue the final decision on his petition. (Pl.'s First MJAR, ECF No. 24). On March 6, 2018, the United States filed an unopposed motion to remand, (ECF No. 29), which was ultimately granted on March 7, 2018. (*See* ECF No. 30). In its motion, the United States agreed that the BCNR did not possess authority to decide Scarselli's challenges and explained that remand was necessary to allow the BCNR to rescind its earlier decision and forward its recommendation to the Assistant Secretary of the Navy (Manpower and Reserve Affairs) ("ASN (M&RA)") for a proper decision. (*See* ECF No. 29). On remand, the Executive Director of the BCNR vacated the BCNR's earlier opinion, reviewed the application again, and issued a decision recommending that the ASN (M&RA) deny all relief. (BCNR Decision on Remand ("ARII"), ECF No. 39 at 2–4). The ASN (M&RA) then remanded the matter back to the BCNR to decide Scarselli's challenge that the BCNR was prohibited from allowing retired service members to serve on corrections boards, which was not raised in the first proceeding. (ARII at 1). Thereafter, a BCNR panel containing no retired military members convened; the panel issued a decision recommending that the ASN (M&RA) deny all relief. (ARII at 2–17). In a decision dated June 3, 2019, the ASN (M&RA) concurred with the BCNR and denied Scarselli's petition. (ARII at 1–2). This decision was filed with the Court on June 19, 2019. (*See* ECF No. 39).

On July 26, 2019, Scarselli filed the pending MJAR. (ECF No. 40). In this, Scarselli concedes two of his arguments—that the BCNR was improperly constituted and the Secretary of the Navy was required to issue the final decision in his case—were mooted by the BCNR's remand decision. (Pl.'s Second MJAR at 9–11). Scarselli further expands on the other allegations in his Amended Complaint, adding that his BOI proceeding was tainted by unlawful command influence. (*Id.* at 11–30). On October 4, 2019, the United States filed its Response and Cross-MJAR. (ECF No. 43). On November 18, 2019, Scarselli filed his Reply and Response. (Pl.'s Reply, ECF No. 46). On December 23, 2019, Scarselli filed a notice withdrawing his argument of unlawful command influence. (ECF No. 49). On January 11, 2020, the United States filed its Reply. (Def.'s Reply, ECF No. 50). This matter is now fully briefed and ripe for decision.

For the reasons set forth below, the Court: (1) **DENIES** Scarselli's second Motion for Judgment on the Administrative Record; (2) **GRANTS** the Government's Cross-Motion for

Judgment on the Administrative Record; and (3) **DENIES AS MOOT** Scarselli's first Motion for Judgment on the Administrative Record filed prior to remand.

## Background[2]

Scarselli enlisted in the USMC and began a period of active duty on January 18, 1994. (ARII at 3). On April 17, 1995, Scarselli was commissioned as a Marine Corps Officer. (*Id.*). In April of 2009, Scarselli served as the Provost Marshal at Marine Corps Air Ground Combat Center in Twenty-Nine Palms, California when allegations of misconduct arose. (Am. Compl. at 2). Colonel David N. Gill, the Command Inspector General, conducted an inspector general (IG) investigation and, on August 18, 2009, substantiated the allegations of misconduct within the Provost Marshal's Office (PMO). (ARII at 3; AR444). On November 2, 2009, the USMC preferred charges against Scarselli for the following violations of the Uniform Code of Military Justice (UCMJ): Article 81 (conspiracy); Article 90 (willfully disobeying a superior commissioned officer); Article 92 (violation and dereliction of duty); Article 93 (cruelty and maltreatment); Article 107 (false official statements); and Article 134 (fraternization, obstruction of justice, and solicitation of another to commit an offense). (AR94–98). After Scarselli waived his right to an Article 32 investigative hearing, the Commanding General of the Marine Corp Air Ground Task Force Training Command referred Scarselli's charges to a general court-martial on December 18, 2009. (AR95; ARII at 3).

In November 2010, Scarselli offered to resolve the criminal charges and enter into a pre-trial agreement providing that he would accept NJP and enter a pleas of guilty to the charges of: (1) willfully disobeying a superior commissioned officer (Article 90); (2) dereliction of duty (Article 92, four specifications); (3) fraternization (Article 134, one specification); and (4) failure to enforce lawful orders (Article 133, one specification). (AR100–104). In exchange, Scarselli offered that the convening authority "withdraw and dismiss with prejudice all charges [he] [is] currently facing at a general court-martial," and that the "agreement cannot be used against [him] in the determination of [his] guilt on any matters arising from the charges and specifications made against [him] if the case is referred to court-martial." (AR100). The convening authority accepted the offer, with certain modifications that were agreed to by all parties. (*See* AR106). Specifically, the final pre-trial agreement provided that, "should the Show Cause Authority order a Board of Inquiry be conducted . . . [Scarselli] agrees not to request, at Government expense, the presence of any witness located outside of Twentynine Palms, CA." (AR106). The agreement further stated that "[t]his provision does not interfere with [Scarselli's] ability to present his case at a Board of Inquiry, and does not prevent [Scarselli] from using alternate means such as telephonic testimony . . . ." (*Id.*).

In December 2010, "the charges and specifications" were "withdrawn and dismissed from General Court-Martial *without* prejudice" as "[t]he subject charges will be adjudicated at a lower forum." (AR0109) (emphasis added). Thereafter, Scarselli accepted NJP and pleaded guilty to the charges itemized in the pre-trial agreement. (AR111–125). The Commanding General imposed NJP in the form of "a punitive letter of reprimand," and, on December 6, 2010,

---

[2] The facts in this section are taken substantially from the two-volume Administrative Record (AR). Citations to the first volume will be in the form "AR_" and references to the second volume, containing the BCNR and ASN (M&RA) decision on remand, will be in the form "ARII at _."

issued a Report of NJP in which the Commanding General "recommend[ed] that Major Scarselli be required to show cause for retention on active duty in the U.S. Marine Corps." (AR127–130). On December 8, 2010, Scarselli acknowledged receipt of the NJP report and, thereafter, filed written statements acknowledging the Commanding General's recommendation the he show cause at a BOI and requesting that, "[i]f a BOI is ordered," he "be permitted to continue [his] career on active duty." (AR134, 136).

In January 2011, the Commanding General, who served as the "Show Cause Authority" within Scarselli's chain of command, "determined that there is sufficient information to refer this case to a Board of Inquiry as to whether Major Scarselli should be retained in the Marine Corps." (AR138–39). The specific reasons for separation were: (1) "Substandard performance of duties, as evidenced by a failure to demonstrate acceptable qualities of leadership required of an officer of the member's grade"; and (2) "Misconduct or Moral or Professional Dereliction, as evidenced by the commission of a military or civilian offense which could be punished by confinement of 6 months or more." (*Id.*).

The BOI convened from March 31, 2011 to April 1, 2011. (AR1191). At the BOI, the United States submitted the court-martial Charge Sheet containing all charges originally proffered against Scarselli, including those that the court-martial convening authority had failed to dismiss with prejudice pursuant to the pre-trial agreement. (AR141; *see also* AR1191–1201). In addition, the United States submitted statements from Scarselli that were previously ruled to be in violation of UCMJ Article 31, 10 U.S.C. § 831.[3] (AR307–11). Ultimately, the BOI found that a preponderance of the evidence proved the allegations for two reasons. First, the BOI determined that Scarselli had "substandard performance" as evidenced by a "[f]ailure to demonstrate acceptable qualities of leadership required of an officer of [his] grade." (AR1191, 1195). Second, Scarselli engaged in "misconduct . . . which, if prosecuted under the UCMJ, could be punished by confinement for six months or more, including: (a) three offenses to which he had pleaded guilty and received NJP, (AR1195, 1198–99), and (b) six additional offenses that were dismissed by the convening authority but nevertheless were found to have been substantiated by the BOI. (AR1195, 1199–1202). Accordingly, the BOI recommended that Scarselli "be discharged and that the characterization of service be general (under honorable conditions)." (AR1195). Following appeal, Scarselli received a general discharge (under honorable conditions) in April 2012. (AR1562).

In April 2015, Scarselli petitioned the BCNR to set aside the NJP and decision of the BOI, reinstate him to active duty or order him retired, and award back pay and allowances. (AR74). In August 2017, the BCNR denied Scarselli's petition. (ARII at 3–18). In relevant part, the BNCR determined that: (1) the failure of the Commanding General to dismiss Scarselli's court-martial charges with prejudice was not a "material breach" of the pre-trial agreement and Scarselli did in fact receive the benefit of his bargain; (2) "it was not material error or unjust for the BOI Recorder to submit, as evidence, the charge sheet containing all the charges originally preferred against [Scarselli]"; (3) there was no "error or injustice in the BOI's addition of a third reason for separation to the findings worksheet;" (4) there was no error or injustice for Scarselli

---

[3] Article 3l(b) provides: No person subject to this chapter may interrogate, or request any statement from an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

4

"to not be informed in the Notification of Separation Proceedings of the least favorable characterization of service that may have been recommended by the BOI;" (5) "it was not error or unjust for the BOI Recorder to submit, or for the BOI to accept as evidence, statements that the military judge previously suppressed;" (6) although the Board "did not agree" with the use of privileged testimony concerning a fitness report that had been directed to be expunged from Scarselli's OMPF, "there was no error or injustice;" and (7) "it was not error or unjust for the BOI to consider unsigned, unsworn statements rather than the testimony of percipient witnesses by phone or in person." (ARII at 6–10).

Ultimately, the BCNR "unanimously voted to deny [Scarselli's] request to set aside [his] NJP because there was no basis to disturb the findings." (ARII at 16). The BCNR explained:

> The Board determined that the [Commanding General's] action dismissing the charges without prejudice was not a breach of the [pre-trial agreement] and that there was no "cascading legal error" that warrants setting aside your NJP, BOI, or separation. Additionally, the Board determined that, although the BOI included some administrative errors, such errors were not material or unjust.

(*Id.*). Accordingly, the BCNR "determined that there was no basis" for relief and denied Scarselli's application. (*Id.*).

## Standard of Review

Where, as here, the parties have filed cross-motions for judgment on the administrative record, RCFC 52.1 provides a procedure for parties to seek the equivalent of an expedited trial on a "paper record, allowing fact-finding by the trial court." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005). Unlike summary judgment standards, genuine issues of material fact do not preclude a judgment on the administrative record. *See id.* at 1355–56. Questions of fact are resolved by reference to the administrative record. *Id.* at 1356.

In reviewing the determinations of a military corrections board, a plaintiff must demonstrate "by cogent and clearly convincing evidence," *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986), that the military board's decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). It is well settled that "responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province; and that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (citations omitted). Moreover, "military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." *Dodson v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993).

A court may set aside an agency's decision if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or the decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Aircraft Indus., Inc. v. United States*,

5

586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). However, "[w]hen substantial evidence supports the board's action, and when that action is reasonable in light of all the evidence presented, the court will not disturb the result." *Pope v. United States*, 16 Cl. Ct. 637, 641 (1989). The court's review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." *Heisig*, 719 F.2d at 1157.

**Analysis**

Here, both parties moved for judgment on the administrative record. In his motion, Scarselli acknowledges that his claims regarding the composition of the original BCNR panel and the requirement that the Secretary of the Navy issue the final decision in his case, were mooted after the Court remanded the matter back to the BCNR. (Pl.'s Second MJAR at 9–11). Scarselli also withdrew his argument concerning unlawful command influence. (*See* ECF No. 49). As such, the Court will not address those issues. However, several allegations remain.

Scarselli maintains that the USMC erred by not dismissing his court-martial charges with prejudice, thereby denying Scarselli the benefit of his bargain, and that the BCNR's finding otherwise was arbitrary, capricious, and contrary to law. (Pl.'s Second MJAR at 13–20). Scarselli also argues that the use and consideration of these charges at the BOI was in error. (*Id.*). Moreover, Scarselli contends that he was denied due process at the BOI by not receiving advance notice of a preliminary "worksheet" that listed a third reason for potential separation or the least favorable characterization of discharge he faced at the BOI, and that the BCNR's failure to correct these injustices was contrary to law. (*Id.* at 20–25). Finally, Scarselli advances numerous arguments concerning the conduct of the BOI: (1) the United States improperly and unfairly provided exhibits to the BOI approximately one week before the hearing; (2) the BOI improperly considered evidence of Scarselli's statements that were deemed inadmissible during a preliminary court-martial hearing, pursuant to UCMJ Article 31(b); and (3) the United States' evidence was "unreliable" because it was "hearsay" and contradicted by other evidence he submitted, and certain testimony should have been excluded as privileged. (*Id.* at 26–30). The Court addresses each allegation in turn.

### *a. Scarselli Received the Benefit of His Court-Martial Pre-Trial Agreement*

Scarselli alleges that the convening authority materially breached the court-martial pre-trial agreement by failing to dismiss his court-martial charges with prejudice. (Pl.'s Second MJAR at 13–20). Scarselli argues that by failing to dismiss his charges with prejudice, he did not receive the benefit of his bargain and his guilty pleas must be set aside.[4] (*Id.*) Scarselli further argues he did not receive the benefit of his bargain because the BOI considered the same

---

[4] In this regard, Scarselli also argues that he was denied the opportunity to call witnesses from outside the local area at his BOI. (Pl.'s Second MJAR at 16–17). This is incorrect. Under the terms of his pre-trial agreement, Scarselli agreed not to request non-local witnesses "*at Government expense*." (AR106) (emphasis added). The provision went on to state: "This provision does not interfere with the Accused's ability to present his case at a Board of Inquiry, and does not prevent the Accused from using alternate means such as telephonic testimony…." (*Id.*). Thus, Scarselli was free to call witnesses at his expense or use alternate means, such as telephonic testimony. As such, Scarselli's claim that he was denied the opportunity to call witnesses is meritless.

underlying conduct in an administrative separation proceeding. (*Id.* at 17). Scarselli maintains that the BCNR's finding otherwise was arbitrary, capricious, and contrary to law. (*Id.*)

On remand, after vacating its earlier decision, the BCNR addressed these contentions and "determined there was no basis to disturb [Scarselli's] NJP." (ARII at 6). Specifically, the BCNR stated:

> [T]he convening authority's failure to dismiss the charges with prejudice did not constitute a material breach of the [pre-trial agreement] because [Scarselli's] compliance with the [pre-trial agreement] was not complete until the BOI had commenced. Additionally, . . . the [Commanding General's] failure to subsequently dismiss the charges with prejudice is moot as these charges were never referred to a court-martial and have since been barred by the applicable statute of limitations. Finally, the Board concluded that there can be no constitutional error unless charges were later referred to a court-martial since the NJP and BOI constitute administrative, not criminal, proceedings. The Board determined that charges dismissed in a military court-martial can serve as the basis for an administrative disciplinary action. *See infra*, discussing Rules for Courts-Martial (RCM) 306(c)(2), RCM 401(c)(1). The Board also considered your claim preclusion assertion . . . and determined it did not apply because the issue was not before another criminal forum. Accordingly, the Board found you received the material benefit of your [pre-trial agreement], which was to avoid a court-martial and the possible negative consequences that would have followed from a federal conviction.

(ARII at 6).

The Court finds that the BCNR's decision in this regard was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. While it is true that Scarselli's court-martial charges were dismissed without prejudice, rather than with prejudice, this was not a material breach of the pre-trial agreement. The benefit of Scarselli's pre-trial agreement was the avoidance of a court-martial and possible criminal conviction, a benefit that he undoubtably received. Scarselli was also not prejudiced by the failure to dismiss the charges with prejudice because, as the BCNR correctly noted, the charges were never referred to a court-martial and have since been barred by the applicable statute of limitations. (*See* ARII at 6). Thus, even if the Court were to order specific performance in this instance, the outcome would remain unchanged: the court-martial charges cannot be brought against Scarselli. As such, the BCNR's conclusion that there was no basis to disturb Scarselli's NJP, was not arbitrary, capricious, or contrary to law. At most, the convening authority's failure to subsequently dismiss the charges with prejudice was harmless. *See Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004); *Boyle v. United States*, 101 Fed. Cl. 592, 601 (2011) ("If an error or injustice is found, and it is determined to be *more substantial than harmless error*, the Secretary of the cognizant branch can change the military record to correct the error or injustice.") (emphasis added).

Moreover, the BCNR's determination that "charges dismissed in a military court-martial can serve as the basis for an administrative disciplinary action," is not in error. As the BCNR

correctly noted, "NJP and BOI constitute administrative, not criminal proceedings." (ARII at 6). Under the Manual for Courts-Martial (MCM), Rule 401(c)(1), "[w]hen a commander dismisses charges further disposition under R.C.M. [Rules for Court Martial] 306(c) of the offenses is not barred."[5] Under RCM Rule 306(c)(2), "[a] commander may take or initiate administrative action, in addition to or instead of other action taken under this rule, subject to regulation of the Secretary concerned." (*Id.* at II-26). The discussion of this provision provides that administrative measures include administrative separation. (*See id.*). The pre-trial agreement that Scarselli signed does not include any provision that would provide relief from these rules. Thus, the BCNR was correct that "charges dismissed in a military court-martial can serve as the basis for an administrative disciplinary action."

This determination also does not run afoul of res judicata principles, despite Scarselli's arguments otherwise, and consequently, nothing precluded the BOI from considering these charges in the administrative separation proceeding. Claim preclusion serves to bar re-litigation of a claim when "(1) the parties are identical or in privity; (2) the first suit proceeded to final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008). A military BOI, however, is not a court and does not adjudicate criminal charges or administer punishment. Rather a BOI recommends to a specified separation authority whether a service member should remain in the military as an administrative matter. (*See* AR286–87). It is well established that "acquittal on a criminal charge is not a bar to a civil action by the United States, remedial in its nature, arising out of the same facts on which the criminal proceeding was based." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 359 (1984) (quoting *Helvering v. Mitchell*, 303 U.S. 391, 397 (1938)). The cases Scarselli relies on do not support his argument otherwise.

For example, *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227 (Fed. Cir. 2006), involved an action brought by the licensee of a patent, seeking judgment of noninfringement, invalidity, and unenforceability of the licensor's patents. The court dismissed the action on res judicata grounds as the parties were previously involved in an infringement action with the same patents and inventions, and entered into a settlement agreement whereby the licensor agreed to dismiss its claims of infringement against the licensee, with prejudice. *Id.* at 1230–32. Clearly, this case involved two identical actions in judicial fora, not separate actions in criminal and administrative contexts. Scarselli's reliance on *McCandless v. Merit Sys. Protection Bd.*, 996 F.2d 1193 (Fed. Cir. 1993), is similarly misplaced as the Federal Circuit expressly found that the "elements of res judicata [were] absent."

Finally, assuming *arguendo*, that Scarselli's dismissed court-martial charges were barred from consideration at the BOI, it would make no difference. The BOI found and Scarselli conceded that he engaged in "misconduct . . . which, if prosecuted under the UCMJ, could be punished by confinement for six months or more," including three of the offenses to which Scarselli had pled guilty to and received NJP. (AR1195, 1198–99; AR1154–55). Scarselli does not contend that the charges he pleaded guilty to at the NJP were barred by res judicata, only the court-martial charges that were dismissed altogether. Therefore, regardless of whether the

---

[5] MCM, United States (2012 ed.), https://www.loc.gov/rr/frd/Military_Law/pdf/MCM-2012.pdf, at II-31, Rules for Court Martial 401(c)(1).

dismissed court-martial charges were barred by res judicata at the BOI, the BOI identified additional grounds for separation that existed independent of any dismissed charges.

Accordingly, the BCNR's determination was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence.

### b. *Scarselli Received Adequate Notice*

Next, Scarselli advances several notice arguments. (*See* Pl.'s Second MJAR at 20–26). Scarselli argues that, although he received notice of the two reasons for potential separation—substandard performance evidenced by failure to demonstrate acceptable qualities of leadership and misconduct evidenced by commission of an offense punishable by six months or more—prior to the BOI, he was not notified of a third reason for potential separation. (*Id.* at 20–25). This third reason—substandard performance evidenced by failure to properly discharge duties—was referenced on a "worksheet" that was provided to, and filled out by, the BOI. (AR1484–85). This worksheet was a precursor to the final BOI report, which makes no reference to that third basis for separation. The BCNR found "no error" existed in the final BOI report and determined that any "potential error" had been remedied because the final report listed only "the two reasons for separation of which [Scarselli] [had been] notified." (ARII at 7). As explained above, the BOI voted to separate Scarselli because the BOI found, and Scarselli conceded, that he engaged in "misconduct . . . which, if prosecuted under the UCMJ, could be punished by confinement for six months or more." Thus, any failure to notify Scarselli of a third potential reason for separation did not prejudice him, particularly when that reason was not ultimately included in the final BOI report.

Furthermore, at the BOI, the presiding official inquired "[d]oes either side object to the worksheet?" and Scarselli's counsel responded, "[n]one other than already noted, sir." (AR1177). The lone objection raised by Scarselli to this worksheet related to the inclusion of previously dismissed charges. (*See* AR295–98). The BCNR noted that Scarselli's counsel "did not ask for additional time or formally object during the BOI." (ARII at 7). Accordingly, Scarselli waived his argument by failing to object at the BOI. *See Exnicios v. United States*, 140 Fed. Cl. 339, 367 (2018) (holding that "[b]y failing to object to" material before a "Field Board of Inquiry, plaintiff waived his ability to assert that the Field Board of Inquiry improperly considered the [material].") (citing *Snakenberg v. United States*, 15 Cl. Ct. 809, 813 (1988); *Waller v. United States*, 461 F.2d 1273, 1277 (Ct. Cl. 1972)).

Scarselli also alleges that he was not provided notice of the least favorable characterization of discharge that could be recommended at his BOI, in violation of SECNAVINST 1920.6C, encl. 8, ¶ 5. (Pl.'s Second MJAR at 23–24). The BCNR addressed this contention and "was not persuaded . . . that it was error or unjust for [Scarselli] to not be informed in the Notification of Separation Proceedings of the least favorable characterization of service that may have been recommended by the BOI." (ARII at 7–8). The BCNR explained that Scarselli was "represented by two qualified attorneys and neither sought clarification from the convening authority nor objected before the BOI to the allegedly inadequate notice. At the Board, [Scarselli's] defense counsel even commented that they were happy to defend against everything." (ARII at 8). The BCNR determined that "even if error, such allegedly inadequate

notice did not prejudice [Scarselli]." (*Id.*). The BCNR's decision in this regard was not erroneous.

Apart from raising the issue in passing in his brief, Scarselli does not argue this alleged error was prejudicial. Established Navy guidelines provide for an "honorable" characterization of service "[w]hen the separation is solely for reasons constituting substandard performance of duty." SECNAVINST 1920.6C, encl. 5 ¶ 1(a). When separation is based on misconduct, the characterization of service may be "other than honorable," "general (under honorable conditions)," or "honorable," depending on the circumstances. *Id.* at encl. 5 ¶¶ 1(b), 2(a)–(c). At both the beginning and conclusion of the BOI, the United States requested an "other than honorable discharge" for Scarselli, while Scarselli's counsel argued he should be retained and that an "other than honorable" characterization of service was not appropriate as a factual matter. (AR316; AR1169; AR1154–66; AR1174–75). Ultimately, the presiding official did not agree with either party and recommended a general (under honorable conditions) characterization of discharge. (AR1178). As the BCNR correctly noted, Scarselli's counsel never objected or sought clarification to the allegedly inadequate notice but instead commented that they were "happy to defend against everything." (*See* ARII at 8). Accordingly, Scarselli waived any argument in this regard by failing to object at the BOI. *See Exnicios v. United States*, 140 Fed. Cl. 339, 367 (2018). To the extent the argument was not waived, any error in failing to provide notice of the least favorable characterization of discharge was harmless. *See Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004)

### c. *Procedural Challenges to the BOI Proceedings*

Scarselli advances a mosaic of procedural arguments concerning the BOI proceedings in arguing that the BCNR's decision denying relief was arbitrary and capricious. (*See* Pl.'s Second MJAR at 25–30). Because each argument is situational, each will be addressed in turn.

First, Scarselli argues that the United States improperly provided hearing exhibits to the BOI members approximately one week before the hearing. (Pl.'s Second MJAR at 26). However, Scarselli has not identified any statute or regulation prohibiting this action and he has otherwise failed to demonstrate any legal error or ultimate unfairness. Scarselli had the same "right to submit, at any time before the board convenes . . . , any matter from the respondent's service record, letters, answers, depositions, sworn or unsworn statements, affidavits, certificates, or stipulations," which "includes, but is not limited to, depositions of witnesses not deemed to be reasonably available or witnesses unwilling to appear voluntarily." (SECNAVINST 1920.6C, encl. 8 ¶ 6(h)). Scarselli's counsel asked the Board about the materials provided in advance and was satisfied that they had not made up an opinion in this matter and did not challenge them for cause. (AR290–91, 295). Thus, the Court agrees and finds no error with the BCNR's finding that Scarselli "provided no evidence to support [his] claim." (ARII at 14).

Next, Scarselli argues that it was legal error for the BOI to consider his statements that were suppressed during a preliminary court-martial hearing pursuant to UCMJ Article 31(b). (Pl.'s Second MJAR at 26–27; *see also* 10 U.S.C. § 831(b)). The BCNR found that this argument "only applies in a court-martial context." (ARII at 9). The BCNR explained that "Article 31, UCMJ, only precludes use of an unwarned statement at a court-martial per 10 U.S.C. § 831(d), and that SECNAVINST 1920.6C, enclosure (8), section 6c provides that '[f]ailure to warn the

officers shall not preclude consideration of the testimony of the officers by the BOI.'" *Id.*; *see also* 10 U.S.C. § 831(d) (UCMJ Art. 31(d): "No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him *in a trial by court-martial*.") (emphasis added); *Sasen v. Spencer*, 879 F.3d 354, 362–64 (1st Cir. 2018) (holding that Article 31(d)'s exclusionary remedy is limited to court-martial context); *United States v. Singleton*, 600 F.2d 553, 555 (5th Cir. 1979) ("[A]rticle 31(b) by its terms is limited to evidence used in a trial by court-martial."). As Scarselli fails to cite any support for his argument whatsoever, there is no basis to conclude that the BCNR's decision in this regard was arbitrary, capricious, contrary to law, or unsupported by substantial evidence.

Likewise, Scarselli's assertion that claim preclusion principles apply to these suppressed statements is baseless. (*See* Pl.'s Second MJAR at 26–27). These statements first arose in the court-martial context and were suppressed by the judge in a preliminary evidentiary ruling. (AR155–162). However, as explained above, Article 31 applies only in the court-martial context and, under SECNAVINST 1920.6C, encl. 8, ¶ 10, "BOIs are not courts-martial and the rules of evidence do not apply" and "oral or written matter not admissible in a court of law may be accepted by BOIs." Thus, Scarselli's claim preclusion argument is meritless.

Finally, Scarselli argues that the evidence relied upon by the BOI was "unreliable" because it amounted to unsigned, unsworn statements and was further contradicted by evidence that Scarselli submitted. (Pl.'s Second MJAR at 27–30). Based on that assertion, Scarselli maintains that the testimony of Colonel Grabowski should have been excluded. (Pl.'s Second MJAR at 27–29). The BCNR addressed this challenge and "determined it was not error or unjust for the BOI to consider unsigned, unsworn statements rather than the testimony of percipient witnesses by phone or in person." (ARII at 10). The BCNR explained that "BOIs are not courts-martial, and the rules of evidence do not apply. An oral or written matter not admissible in a court of law may be accepted by BOIs." (*Id.* (citing SECNAVINST 1920.6C, encl. 8 ¶ 10)). The BCNR continued by stating:

> [Y]ou were afforded numerous opportunities to contact witnesses you felt were necessary and not cumulative. You also could have called these witnesses to testify telephonically or presented their testimony by means of written statements or depositions, as allowed by SECNAVINST 1920.6C, enclosure (8), section 9, but you chose not to, and nothing in the record indicates the BOI precluded you from availing yourself of these methods of presenting witness testimony. Finally, you never requested a continuance before or during the BOI in order to obtain written statements or other substitutes for testimony.

(ARII at 10).

This conclusion was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Scarselli's argument is essentially a request for this Court to second-guess the merits of evidentiary rulings and the weight of evidence afforded by the BOI—a body not bound by formal rules of evidence and that made a staffing recommendation that was "committed wholly to the discretion of the military." *See Allphin v United States*, 758 F.3d 1336,

1341 (Fed. Cir. 2014) ("The merits of a military staffing decision are committed 'wholly to the discretion of the military.'") (quoting *Adkins v. United States*, 68 F.3d 1317, 1322–23 (Fed. Cir. 1995)). Such is not the role of the court in reviewing the decisions of administrative agencies. As Scarselli has provided no support for this argument, it cannot be said that the BOI committed legal error or that the BCNR decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence.

## Conclusion

The Court finds that Scarselli has not demonstrated by cogent and clearly convincing evidence that the BCNR's decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Therefore, the Court hereby: (1) **DENIES** Scarselli's motion for judgment on the administrative record after remand; (2) **GRANTS** the United States' cross-motion for judgment on the administrative record after remand; and (3) **DENIES AS MOOT** Scarselli's first motion for judgment on the administrative record.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/     David A. Tapp
DAVID A. TAPP, Judge
